| , COOKS, J.
Dissenting:
I have read the entire transcript of the hearing on the motion to recuse and Judge Godwin’s Per Curiam. Although I do not question Judge Godwin’s recitation of the events leading up and following the allotment of this matter to Judge Alcide Gray, his decision to call the District Attorney and to speak with him concerning the allotment ex parte and then to act on the District Attorney’s representation by contacting Judge Minaldi without providing any opportunity for the defense to participate in the exchanges creates an appearance of impropriety which we “all” have an ethical obligation to avoid.
Even more troubling is Judge Minaldi’s “after the fact” expression of her alleged “prior intent” to await a written response from the District Attorney’s office before deciding whether to recuse herself or refer the matter to another judge for hearing. The transcript which memorialized her “intent” at the time the matter was heard and before Judge Alcide Gray was allotted the case, contain “plain words” which leave no *228 doubt that she intended at that time to refer the matter to another judge and her own minute clerk, who worked with her daily, was not mistaken in understanding what she meant. Judge Minaldi said:
1J am not in a position to recuse myself because I have been unable to get sufficient clarification of some of what I think are the major and most important allegations in this motion. So, without being able to get clarification, I decline to recuse myself. You know, Obviously • anybody can put anything they want to in this motion, whether it’s true or not, but I have to look at the fact that whether or not it could potentially establish grounds for recusal; and although I, without hesitation, say that there are things that are in this motion that are untrue and inaccurate, because they might establish grounds for recusal, even though I do not see that without the. clarification that I have asked for, I will refer it out to another judge, and judge will make all the decisions regarding the conduct of the Motion to Recuse. That is not my bailiwick at this point. They will — that judge, I assume, that’s — I’m assuming you’re going to file your written opposition. That judge will decide whether the State proceeds to represent itself or if some other entity comes in, and I’m making absolutely no pronouncement on whether I think that is appropriate or not, Mr. Kimball, and that Judge will determine whether discovery is appropriate in a case like this.
(Emphasis added).
Judge Minaldi’s intent to “refer it [the motion] out to another judge” is clear. And, the record clearly indicates she assumed the State was “going to file ... written opposition,” and that matter as well would be decided by another judge together with the defense’s pending motion to recuse the District Attorney.
The record convinces me that the matter was properly allotted to Judge Alcide Gray and the Clerk was without legal authority to revoke the allotment based on his “after the fact” interpretation of Judge Minaldi’s intent.